UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BIO-BOTANICA, INC.,

                 Plaintiff,

    -against-

KARMAGREEN, LLC d/b/a MT LOTZ and MT BRANDS,

                 Defendant.

---------------------------------------------------------------X

Civil Action No.: 21-cv-1147-KAM-ARL

**ANSWER**

      Defendant Karmagreen, LLC ("Karmagreen"), by counsel, hereby answers the Complaint filed by Plaintiff Bio-Botanica, Inc. ("Bio-Botanica"). Defendant Karmagreen denies each and every allegation, whether express or implied, contained in the Complaint not specifically admitted herein.

      Defendant Karmagreen answers and responds to the specific numbered Paragraphs as follows:

## ANSWERS TO NUMBERED PARAGRAPHS

      1.     Defendant admits that Plaintiff has brought this action alleging, among other things, trademark infringement. Defendant denies all remaining allegations contained in Paragraph 1 and denies that Defendant has infringed Plaintiff's intellectual property rights.

      2.     Defendant admits that Plaintiff alleges that it is the owner of U.S. trademark registration number 1,254,283, which was granted in October of 1983 and covers, among other things, herbal extracts. Except as thus stated, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and accordingly denies the same.

3. Defendant admits that it is the owner of the BIO BOTANICAL mark, which is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under Registration No. 5656976 and Defendant's federal registration is presumed to be valid. Defendant also admits that Plaintiff's mark was never cited during the federal registration process for the Defendant's federally registered BIO BOTANICAL mark. Defendant further admits that, as the owner of the federally registered BIO BOTANICAL mark, Defendant uses the BIO BOTANICAL mark to advertise, market, and otherwise promote dietary supplements which contain herbal extracts. Except as thus stated, Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and accordingly denies the same.

4. Defendant denies the allegations in paragraph 4 of the Complaint, and specifically denies that the BIO BOTANICAL mark simply struck the hyphen and added the letter "L" to Plaintiff's mark in that Defendant's BIO BOTANICAL mark is consistently presented in a distinctive and stylized fashion.

5. Denied.

6. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 6 of the Complaint and accordingly denies the same.

## THE PARTIES

7. Defendant admits that Plaintiff is a New York corporation with its principal place of business in New York. Except as thus stated, Defendant is without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and accordingly denies the same.

8. Admitted.

## JURISDICTION AND VENUE

9. The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Plaintiff invoked the Court's subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338 *et seq.*, and the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

10. The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required.

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and accordingly denies the same.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and accordingly denies the same.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and accordingly denies the same.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and accordingly denies the same.

15. Defendant admits that Plaintiff has attached to the Complaint what appears to be a federal trademark registration issued by the U.S. Patent and Trademark Office.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and accordingly denies the same.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and accordingly denies the same.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and accordingly denies the same.

19. Admitted.

20. Admitted.

21. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that as the owner of the BIO BOTANICAL mark, Defendant uses its BIO BOTANICAL mark on its product packaging and on its mtbrands.com website to advertise, market, and otherwise promote its products. Except as thus stated, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that as the owner of the BIO BOTANICAL mark, Defendant uses the BIO BOTANICAL mark its social media to advertise, market, and otherwise promote its products. Except as thus stated, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that it operates social media accounts displayed under and through the URLs www.Facebook.com/MTBrandstm, www.Twitter.com/MTBrandstm, and www.Instagram.com/biobotanicalusa, and as the exclusive

owner of the BIO BOTANICAL mark Defendant uses the BIO BOTANICAL mark on these social media accounts to advertise, market, and otherwise promote its products. Except as thus stated, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that as the exclusive owner of the BIO BOTANICAL mark, Defendant sells its products under the BIO BOTANICAL mark via third-party distributors. Except as thus stated, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Denied.

26. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that as the exclusive owner of the BIO BOTANICAL mark, Defendant uses its BIO BOTANICAL mark to advertise and promote dietary supplements. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 26 of the Complaint, and accordingly denies the same.

27. Defendant admits only that it is in the business of marketing and distributing dietary supplements. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 27 of the Complaint, and accordingly denies the same.

28. Denied.

29. Defendant hereby incorporates its responses to paragraphs 1-28 of the Complaint as if fully set forth herein.

30. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and accordingly denies the same.

31. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and accordingly denies the same.

32. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and accordingly denies the same.

33. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant denies the allegations in Paragraph 33 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

34. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that it uses the BIO BOTANICAL mark to advance, grow, and develop its business. Except as thus stated, Defendant denies the allegations in Paragraph 34 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

35. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that it uses the BIO BOTANICAL mark to advance, grow, and develop its business. Except as thus stated, Defendant denies the allegations

in Paragraph 35 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant hereby incorporates its responses to paragraphs 1-40 of the Complaint as if fully set forth herein.

42. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and accordingly denies the same.

43. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and accordingly denies the same.

44. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that as the exclusive owner of the BIO BOTANICAL mark, Defendant uses its BIO BOTANICAL mark to identify, advertise, promote, publicize, and market its related goods. Except as thus stated, Defendant denies the allegations in Paragraph 44 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

45. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Defendant further admits that as the exclusive owner of the BIO

BOTANICAL mark, Defendant uses its BIO BOTANICAL mark to advance, grow, and develop its business.  Except as thus stated, Defendant denies the allegations in Paragraph 45 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

46. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid.  Except as thus stated, Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant hereby incorporates its responses to paragraphs 1-51 of the Complaint as if fully set forth herein.

53. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and accordingly denies the same.

54. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid.  Defendant further admits that as the exclusive owner of the BIO BOTANICAL mark, Defendant uses its BIO BOTANICAL mark as a source identifier for Defendant's goods.  Except as thus stated, Defendant denies the allegations in Paragraph 54 of

the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

55. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant hereby incorporates its responses to paragraphs 1-62 of the Complaint as if fully set forth herein.

64. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and accordingly denies the same.

65. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and accordingly denies the same.

66. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and accordingly denies the same.

67. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and accordingly denies the same.

68. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and accordingly denies the same.

69. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant denies the allegations in Paragraph 69 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

70. Denied.

71. Denied.

72. Defendant hereby incorporates its responses to paragraphs 1-71 of the Complaint as if fully set forth herein.

73. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and accordingly denies the same.

74. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and accordingly denies the same.

75. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and accordingly denies the same.

76. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and accordingly denies the same.

77. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and accordingly denies the same.

78. Defendant admits it has exclusive rights to use the BIO BOTANICAL mark by virtue of Defendant's federal registration in the BIO BOTANICAL mark, which is presumptively valid. Except as thus stated, Defendant denies the allegations in Paragraph 78 of the Complaint and specifically denies that the BIO BOTANICAL mark is "virtually identical" to Plaintiff's alleged mark.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendant hereby incorporates its responses to paragraphs 1-83 of the Complaint as if fully set forth herein.

85. Defendant admits it filed its initial trademark application for the BIO BOTANICAL mark on September 7, 2017, and denies the remaining allegations of Paragraph 85.

86. Defendant admits the allegations contained in Paragraph 86 of the Complaint and specifically admits that Plaintiff's mark was never cited during Defendant's federal registration process for its BIO BOTANICAL mark.

87. Admitted.

88. Defendant admits that the BIO BOTANICAL mark has not achieved incontestable status, but that the BIO BOTANICAL mark is still presumptively valid based on its federal registration. Except as thus stated, the allegations in Paragraph 88 of the Complaint are denied.

89. Defendant admits that by nature of its federal registration in the BIO BOTANICAL mark, the mark is presumptively valid. Except as thus stated, the allegations in Paragraph 89 of the Complaint are denied.

90. Denied.

91. Denied.

92. Denied.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint and specifically denies that Defendant's BIO BOTANICAL mark should be canceled as Plaintiff cannot overcome the presumption of validity of Defendant's federally registered BIO BOTANICAL mark.

Defendant denies that the Plaintiff is entitled to any of the relief sought in its WHEREFORE clause. To the extent not expressly admitted, Defendant denies each and every allegation in the Complaint.

**AFFIRMATIVE DEFENSES**

Karmagreen, LLC asserts the following defenses which are based on the facts and information currently known to it, and, in part, are asserted on information and belief. Karmagreen reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered. Assertion of a defense is not a concession that Karmagreen has the burden of proving the matter asserted.

**FIRST AFFIRMATIVE DEFENSE**

Bio-Botanica has failed to state a claim upon which relief can be granted in that the claims do not alleged the requisite elements of the identified causes of action.

**SECOND AFFIRMATIVE DEFENSE**

U.S. Trademark Reg. No. 5656976 for the BIO BOTANICAL mark is prima facie evidence of Karamagreen's right to use the BIO BOTANICAL mark in the United States.

**THIRD AFFIRMATIVE DEFENSE**

Bio-Botanica has failed to mitigate damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's delay in filing this lawsuit, including but not limited to its belated challenges to Karmagreen's registration of the BIO BOTANICAL mark and a similar lawsuit that Plaintiff filed against Karmagreen but later abandoned, Bio-Botanica's claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Bio Botanica has abandoned its rights in the BIO BOTANICA trademark through acts or omissions, including failing to police their trademarks such that other third parties have acquired federal registration for marks in marks similar to the BIO BOTANICA mark. For example, one

third party registered the mark ANTIBIOTBOTANICAL in October of 2018 under federal Registration No. 5583642, and another third party registered the mark BIO-BOTANICAL RESEARCH in February of 2018 under federal Registration No. 5394838.

### SIXTH AFFIRMATIVE DEFENSE

Bio-Botanica's claims are barred in whole or in part by reason of other parties' use of any marks at issue.

### SEVENTH AFFIRMATIVE DEFENSE

Without admitting the Complaint states a claim, any remedies are limited to the extent that there are claims seeking overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### EIGHTH AFFIRMATIVE DEFENSE

Without admitting the Complaint states a claim, Bio-Botanica's claim for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Karmagreen's actions and the alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.

### NINTH AFFIRMATIVE DEFENSE

Bio-Botanica's claims are barred in whole or in part by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Karmagreen has not acted with improper means, and instead has acted solely in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Karmagreen reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the laws of the United States, the laws of the state of New York, and/or at law or in equity that may now exist or in the future be available based on discovery and further investigation

in this case.

Dated:  April 26, 2021    Respectfully submitted,

By:   /s/John P. Curley
    John P. Curley
    HOGUET NEWMAN REGAL & KENNEY, LLP
    One Grand Central Place
    60 East 42nd Street, 48th Floor
    New York, NY 10165
    Tel: 212.689.8808
    jcurley@hnrklaw.com

    David E. Weslow*
    A. Neal Seth*
    Spencer Brooks*
    WILEY REIN LLP
    1776 K Street, NW
    Washington, DC 20006
    Tel: 202.719.7000
    Fax: 202.719.7049
    dweslow@wiley.law
    nseth@wiley.law
    scbrooks@wiley.law

    *Pro hac vice applications forthcoming*

    *Attorneys for Defendant Karmagreen, LLC*